**UNITED STATES DISTRICT COURT**   **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| GLADYS CITY COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:24-CV-412 |
| | § | |
| LINDE, INC. and MATTHEW THOMAS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff Gladys City Company's ("Gladys") Opposed Motion for Leave to File First Amended Complaint (#16), wherein Gladys asks this court to grant leave to amend its complaint to clarify its factual allegations against Matthew Thomas ("Thomas"). Defendants Thomas and Linde, Inc. ("Linde") (collectively "Defendants") filed a Response (#18) in opposition. Having considered the pending motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that Gladys's motion should be granted.

I.  <u>Background</u>

On October 3, 2023, Gladys and Linde executed a lease agreement ("Agreement"). Pursuant to the Agreement, Gladys would lease 10 acres of property to Linde for a term of forty years in exchange for approximately $50,000.00 a month. Linde intended to use the property as a loading terminal for helium trucks. The Agreement, however, contained a provision that stated "[i]f [Linde] is unable to satisfy the Tenant Contingencies before January 1, 2024, after using good faith commercial efforts, [Linde] shall have the option to Terminate this Lease." The Agreement defines "Tenant Contingencies" to include:

(1)    the execution of a supply agreement between Linde and Golden Triangle Storage, Inc.;

(2)    the completion of a Phase I Environmental Site Assessment of the premises by [Linde] which does not indicate the presence of contaminants and regulated petroleum substances on the premises;

(3)    the completion of a wetlands assessment which assessment is acceptable to Linde acting in good faith.

On December 20, 2023, Linde sent a letter terminating the Agreement, citing its inability to satisfy the Tenant Contingencies. Linde also wired a $125,000.00 termination fee to Gladys's bank account. Linde's letter stated that the property had a number of environmental issues that rendered it unable to develop the property as expected. Gladys maintains that Linde failed to exercise good faith with respect to the Tenant Contingencies and that Linde improperly used the contingencies to cancel the lease.

On September 17, 2024, Gladys filed its Original Petition (#3) in the 58th Judicial District Court of Jefferson County, Texas. On October 11, 2024, Defendants filed a Notice of Removal (#1), removing the case to this court on the basis of diversity jurisdiction. In their Notice, Defendants maintain that the only non-diverse defendant, Thomas, is improperly joined. On November 12, 2024, Gladys filed an Opposed Motion to Remand (#7), contending that the court lacked diversity jurisdiction because Thomas, like Gladys, is a citizen of the State of Texas. Defendants filed a Response (#8) to the Motion to Remand on November 26, 2024. Defendants' Response maintains that Thomas was improperly joined. Gladys subsequently filed an Opposed Motion for Leave to File First Amended Complaint (#16). Defendants filed a Response (#18), asserting that it would be improper to grant Gladys's Motion for Leave to Amend before resolving the pending Motion to Remand.

II.    <u>Analysis</u>

The Federal Rules of Civil Procedure provide that "[t]he court should freely give leave" to amend pleadings "when justice so requires." FED. R. CIV. P. 15(a)(2); *accord Morgan v. Chapman*, 969 F.3d 238, 248 (5th Cir. 2020); *Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727, 740 (5th Cir. 2019); *Brown v. Taylor*, 911 F.3d 235, 246 (5th Cir. 2018).   The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.   *DeGruy v. Wade*, 586 F. App'x 652, 655 (5th Cir. 2014) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)); *Tex. Indigenous Council v. Simpkins,* 544 F. App'x 418, 421 (5th Cir. 2013); *Johnson v. Epps*, 479 F. App'x 583, 588 (5th Cir. 2012).   The language of Rule 15(a) "evinces a bias in favor of granting leave to amend." *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019) (quoting *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2017)); *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018); *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944 (5th Cir. 2018).

Leave to amend, however, is by no means automatic.   *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017); *Bridge Assoc. L.L.C.*, 561 F.3d at 391; *Newby v. Enron Corp.*, 542 F.3d 463, 469 (5th Cir. 2008); *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006).   While leave to amend should be freely given, that generous standard is tempered by the necessary power of a district court to manage a case.   *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013); *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010); *United States ex rel. Hebert v. Dizney*, 295 F. App'x 717, 725 (5th Cir. 2008); *Fin. Acquisition Partners LP*, 440 F.3d at 291.   Thus, granting leave to amend a pleading is within the

3

sound discretion of the trial court. If, however, the court "lacks a substantial reason to deny leave, its discretion is not broad enough to permit denial." *McGee v. Citi Mortg., Inc.*, 680 F. App'x 287, 291 (5th Cir. 2017); *see Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 550 (5th Cir. 2009); *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

Defendants sole objection to Gladys's pending Motion for Leave to Amend is that Gladys should not be allowed to amend its live pleading until after the pending Motion to Remand is decided. Defendants contend that permitting Gladys to amend its complaint before the Motion to Remand is decided would be improper because remand must be decided based on the pleadings as they existed at the time of removal. Accordingly, Defendants maintain that this court should deny Gladys's Motion for Leave.

As Defendants note, the issue of whether to remand a case is ordinarily decided on the pleadings as they existed at the time of removal, and amendment is not permitted to defeat federal jurisdiction. *Babos v. J. Lopez Trucking, L.L.C.*, No. 2:22-CV-00213, 2022 WL 19035193, at *2 (S.D. Tex. Dec. 27, 2022). A plaintiff may, however, seek leave to amend its pleadings to clarify or amplify the claims actually alleged in the removed pleading. *Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 303 (5th Cir. 2024); *Gcorp Int'l, Inc. v. Amdocs, Inc.*, No. 3:23-CV-0397-B, 2023 WL 3491746, at *4 (N.D. Tex. May 16, 2023). A plaintiff may not change claims after removal in order to secure a viable claim against a nondiverse defendant. *Gcorp Int'l, Inc.*, 2023 WL 3491746, at *4.

In its Original Petition (#4), Gladys advances the following causes of action against Thomas:

(1)    Common Law Fraud I (Misrepresentation);

4

     (2)     Common Law Fraud II (False Promise);

     (3)     Statutory Fraud I (Misrepresentation);

     (4)     Statutory Fraud II (False Promise); and

     (5)     Breach of Fiduciary Relationship.

Gladys's Original Petition focuses primarily on Linde's actions without identifying the individual acting on Linde's behalf.  Additionally, for each cause of action, the Original Petition recites that "Thomas knowingly participated in, and/or authorized, and/or ratified, and/or personally benefitted from the fraud and is therefore personally liable for the damages, attorney's fees, expert witness fees, costs of copies of depositions and costs of court."  Gladys's First Amended Complaint, however, clarifies Thomas's involvement in the underlying transaction and the specific actions taken by Thomas that allegedly give rise to Gladys's causes of action against him.  As a result, Gladys's proposed Amended Complaint merely clarifies and amplifies the jurisdictional facts as they existed when Defendants removed the case.

     The court's conclusion is supported by the fact that Gladys does not attempt to assert any new causes of action against Thomas in its Amended Complaint.  Rather, the Amended Complaint merely expands upon Gladys's pre-existing claims against Thomas.  Specifically, the proposed Amended Complaint specifies that Thomas was the individual acting on Linde's behalf.  As a result, the proposed amendment simply clarifies Thomas's role in the underlying transaction.

     Furthermore, Gladys's Original Petition satisfied the pleading standard that governed when the petition was first filed.  The State of Texas employs a "fair notice" pleading standard that is separate and distinct from the federal pleading standard.  *Terry Black's Barbecue, L.L.C v. State Automobile Mut. Ins. Co.*, 22 F.4th 450, 450 (5th Cir. 2022).  A fair notice standard simply

requires the pleading to contain a short statement of the cause of action sufficient to give fair notice of the claim involved. *Barrett v. Am. Airlines, Inc.*, 711 F. App'x. 761, 764 (5th Cir. 2017). In the present case, Gladys's Original Petition undoubtedly satisfies the fair notice standard because it succinctly states the causes of action brought against Thomas. The Texas pleading standard does not govern in federal court, however, and it is not relevant when evaluating the issue of remand. Nevertheless, Gladys's satisfaction of the Texas pleading standard supports the notion that it is not asserting new claims against Thomas. Rather, Gladys is merely seeking to amend its pleadings to conform its claims against Thomas to the federal pleading standard. Therefore, the requested leave is appropriate as it serves to clarify and amplify Gladys's factual allegations as opposed to asserting new allegations for the purpose of defeating federal jurisdiction.

Additionally, the court is of the opinion that granting the requested leave is in the interest of justice. As noted above, Gladys's claims against Thomas conform to the pleading standard that governed at the time its Original Petition was filed. As a result, it would be unjust to dismiss its claims against Thomas without providing an opportunity to bring its claims against Thomas into compliance with the federal standard. *See Palmquist*, 103 F.4th at 302 ("[A] plaintiff should not be penalized for adhering to the pleading standards of the jurisdiction in which the case was originally brought."). Accordingly, because the amendment sought furthers the interest of justice and may appropriately be considered with regard to Gladys's Motion to Remand, the court is of the opinion that leave to amend is proper in the present case.

III. Conclusion

Based on the foregoing reasons, Gladys's Opposed Motion for Leave to File First Amended Complaint (#16) is GRANTED.

SIGNED at Beaumont, Texas, this 23rd day of June, 2025.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE