| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

GLADYS CITY COMPANY, §
　　　　　　　　　　　　　　　　§
　　　　　Plaintiff, §
　　　　　　　　　　　　　　　　§
*versus* §　CIVIL ACTION NO. 1:24-CV-412
　　　　　　　　　　　　　　　　§
LINDE, INC., and MATTHEW THOMAS, §
　　　　　　　　　　　　　　　　§
　　　　　Defendants. §

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff Gladys City Company's ("Gladys") Motion to Remand (#7), wherein Gladys asks the court to remand this case to the 58th Judicial District Court of Jefferson County, Texas. Defendants Linde, Inc. ("Linde"), and Matthew Thomas ("Thomas") (collectively "Defendants") filed a Response in Opposition (#8); Gladys filed a Reply (#9); and Defendants filed a Sur-Reply (#10). Pursuant to the court's Memorandum and Order (#8) signed on June 23, 2025, Defendants filed an Amended Response (#29), addressing Gladys's First Amended Complaint, and Gladys filed a Supplemental Reply (#30). Having considered the pending motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that Gladys's motion should be GRANTED.

I.　　Background

On October 3, 2023, Gladys and Linde executed a lease agreement ("Agreement"). Pursuant to the Agreement, Gladys would lease 10 acres of property to Linde for a term of forty years in exchange for approximately $50,000.00 a month. Linde intended to use the property as the location for a helium truck loading terminal. The Agreement, however, contained a provision that stated "[i]f [Linde] is unable to satisfy the Tenant Contingencies before January 1, 2024, after

using good faith commercial efforts, [Linde] shall have the option to Terminate this Lease." The Agreement defines "Tenant Contingencies" to include:

> (1) the execution of a supply agreement between Linde and Golden Triangle Storage, Inc.;
>
> (2) the completion of a Phase I Environmental Site Assessment of the premises by [Linde] which does not indicate the presence of contaminants and regulated petroleum substances on the premises;
>
> (3) the completion of a wetlands assessment which assessment is acceptable to Linde acting in good faith.

After executing the Agreement, Linde purportedly continued to investigate alternative sites for the terminal. On December 20, 2023, Linde sent a letter terminating the Agreement, citing its inability to satisfy the Tenant Contingencies. Linde also wired a $125,000.00 termination fee to Gladys's bank account. Linde's letter stated that it had determined the property is subject to wetland regulations that rendered it unable to develop the property as expected. Gladys maintains that Linde failed to exercise good faith with respect to the Tenant Contingencies and that Linde improperly used the contingencies to cancel the lease.

On September 17, 2024, Gladys filed its Original Petition (#3) in the 58th Judicial District Court of Jefferson County, Texas. On October 11, 2024, Linde removed the case to this court on the basis of diversity of citizenship, alleging that complete diversity exists among the real parties in interest and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. It is undisputed that Gladys is a citizen of the State of Texas and that Linde is a citizen of both Delaware and Connecticut. Defendant Thomas, however, is also a citizen and resident of the State of Texas. Consequently, in its Notice of Removal (#1), Linde asserts that Gladys improperly

joined Thomas as a defendant to defeat diversity. Hence, Linde claims Thomas should be dismissed as a party to this action and his citizenship ignored for jurisdictional purposes.

On November 12, 2024, Gladys filed a Motion to Remand (#7), contending that Thomas is properly joined in the present action. As a result, Gladys maintains that the court lacks jurisdiction because the parties are not completely diverse. Linde filed a Response (#8), asserting that Gladys cannot establish a claim against Thomas. According to Gladys, Linde's Response marks the first time it raised the issue of Gladys's purported inability to establish a claim against Thomas. Furthermore, Linde's Response prompted Gladys to file a Motion for Leave to Amend (#16), wherein Gladys asked the court for leave to clarify the pleading of its claims against Thomas. On June 23, 2025, the court signed a Memorandum and Order (#26) granting Gladys's motion. Accordingly, Linde filed an Amended Response (#29) and Gladys filed an Amended Reply (#30), addressing the propriety of remand in light of Gladys's First Amended Complaint (#17).

II.  Analysis

    A.  Removal Jurisdiction

"Federal courts . . . are courts of limited jurisdiction." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019); *accord Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Cleartrac, L.L.C. v. Lanrick Contractors, L.L.C.*, 53 F.4th 361, 364 (5th Cir. 2022); *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 816 (5th Cir. 2021). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377; *accord Royal Canin U.S.A.,*

*Inc.*, 604 U.S. at 26.  The court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)); *accord Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017).  In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Royal Canin U.S.A., Inc.,* 604 U.S. at 38; *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009); *Atkins v. CB&I, L.L.C.*, 991 F.3d 667, 669 n.1 (5th Cir. 2021); *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020).

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Barker v. Hercules Offshore Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)); *accord Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020); *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 611 (5th Cir. 2018); *see* 13E CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3602.1 (3d ed. 2013). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Leboeuf v. Hatle*, No. 20-105, 2020 WL 1074952, at *1 (E.D. La. Mar. 6, 2020) (citing *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008)); *accord Hernandez v. State Farm Lloyds*, No. DR-16-CV-164-AM/CW, 2017 WL 8131570, at *2 (W.D. Tex. Sept. 19, 2017); *Fort Worth & W. R.R. Co. v. Stevenson*, No. 3:15-CV-0906-B, 2015 WL 3867906, at *1 (N.D. Tex. June 22,

4

2015). "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a); *Grace Ranch, L.L.C. v. BP Am. Prod. Co.*, 989 F.3d 301, 307 (5th Cir. 2021); *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019); *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 301 (5th Cir. 2024) (citing *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007)); *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 889 (5th Cir. 2024); *Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020); *Settlement Funding, L.L.C.*, 851 F.3d at 536. In short, any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)); *accord Allen*, 907 F.3d at 183; *Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

    B.    <u>Diversity Jurisdiction</u>

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332; *Home Depot U.S.A., Inc.*, 587 U.S. at 437-38; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). In order to determine

whether jurisdiction exists in a removed action, the court considers the claims set forth in the operative pleading. *Royal Canin U.S.A., Inc.*, 604 U.S. 22 at 35; *Majestic Synthetic Oil, LLC v. Certain Underwriters at Lloyd's, Lond.*, No. 4:19-CV-03149, 2025 WL 1994776, at *1 (S.D. Tex. July 17, 2025); *Nash v. ABC Ins., Inc.*, No. CV 5:24-01178, 2025 WL 1086049, at *4 (W.D. La. Mar. 25, 2025).

In removed cases where, as here, there is no federal question involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.*, 546 U.S. at 89; *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see Palmquist*, 103 F.4th at 308 (citing *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 336-37 (5th Cir. 2004)). Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar, Inc.*, 519 U.S. at 68; *Moss v. Princip*, 913 F.3d 508, 514 (5th Cir. 2019); *Vaillancourt v. PNC Bank Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014).

    C.    <u>Improper Joinder</u>

In the present case, it is undisputed that Gladys and Thomas are citizens of the State of Texas. Consequently, to establish the existence of diversity jurisdiction, Linde must show that Thomas was improperly joined as a defendant to this action. *See Miciotto v. Hobby Lobby Stores, Inc.*, No. 21-30456, 2022 WL 3210686, at *2 (5th Cir. Aug. 9, 2022) (citing *Hicks v. Martinrea Auto. Structures (USA), Inc.*, 12 F.4th 511, 514-15 (5th Cir. 2021)); *Afr. Methodist Episcopal Church*, 756 F.3d at 793; *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).

In determining whether a defendant was improperly joined, the "focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2021) (quoting *Hicks*, 12 F.4th at 515); *accord Van Tiem v. First Am. Title Co.*, No. 20-40707, 2021 WL 4537689, at *3 (5th Cir. Oct. 4, 2021) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). The removing party bears the heavy burden of proving that a non-diverse defendant has been fraudulently joined to defeat diversity, either by showing actual fraud in the pleading of jurisdictional facts or inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Pace*, 93 F.4th at 889 (quoting *Smallwood*, 385 F.3d at 573); *D & J Invs. of Cenla, L.L.C. v. Baker Hughes a GE Co., L.L.C.*, 52 F.4th 187, 195 (5th Cir. 2022); *Ticer*, 20 F.4th at 1045; *Van Tiem*, 2021 WL 4537689, at *3 (quoting *Smallwood*, 385 F.3d at 573); *Waste Mgmt. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020). There is no difference between the terms "improper joinder" and "fraudulent joinder" in the context of removal jurisdiction. *See Hoyt*, 927 F.3d at 292 n.1 (quoting *Smallwood*, 385 F.3d at 571 n.1).

    1.  <u>Compliance with the Texas and Federal Rules of Civil Procedure</u>

As a preliminary matter, Gladys asserts that Defendants failed to comply with the Texas and Federal Rules of Civil Procedure when raising the issue of improper joinder. First, Gladys maintains that Linde is precluded from attacking the sufficiency of Gladys's Petition by Rule 90 and Rule 93 of the Texas Rules of Civil Procedure. In diversity cases, federal courts generally apply state substantive law and federal procedural law. *See Hanna v. Plumer*, 380 U.S. 460, 466-67 (1965); *accord Moreno v. Bosholm*, __ F.4th __, Nos. 23-6890, 23-6950, 2025 WL 2371118,

at *9 (4th Cir. Aug. 15, 2025); *Marbury v. United Nat'l Ins. Co.*, No. 24-30599, 2025 WL 2126664, at *4 n.2 (5th Cir. July 29, 2025).  Where the state rule reflects a substantive state policy not in conflict with the plain meaning of the federal rule, then the state rule is the rule of decision and should be applied under the terms of the *Erie* doctrine." *Ditech Fin., L.L.C. v. Naumann*, 742 F. App'x 810, 814 n.7 (5th Cir. 2018) (quoting *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995)); *Powell v. Old S. Life Ins. Co.*, 780 F.2d 1265, 1267 (5th Cir. 1986). "The Supreme Court, however, has made clear that *Erie* and its progeny do not require the federal court to depart from the Federal Rules of Civil Procedure in cases where those rules conflict with state law, even if state law is in some sense 'substantive.'" *Parker v. Sheila*, No. A-19-CV-00017-RP, 2020 WL 1669647, at *1 (W.D. Tex. Apr. 3, 2020) (citing *Poindexter v. Bonsukan*, 145 F. Supp. 2d 800, 803 (E.D. Tex. 2001)).

Here, Rule 90 of the Texas Rules of Civil Procedure governs the waiver of certain defects in a pleading, whereas Rule 93 dictates which pleadings must be verified by affidavit. TEX. R. CIV. P. 90; TEX. R. CIV. P. 93.  These rules are procedural in nature.  *Canine v. Sam's E., Inc.*, No. 2:24-CV-00158, 2024 WL 4404266, at *5 (S.D. Tex. Oct. 4, 2024) (holding that Rule 93 does not apply in federal court); *Ometu v. San Antonio*, No. SA-21-CV–00925-OLG, 2022 WL 22838761, at *2 (W.D. Tex. Aug. 2, 2022) (recognizing that Rule 90 is inapplicable following the removal of a case to federal court).  Therefore, Gladys's assertions with respect to the Texas Rules of Civil Procedure are without merit.

Alternatively, Gladys maintains in its Reply (#9) that Linde waived its ability to raise improper joinder because it did not assert it in the notice of removal and it failed to raise the insufficiency of Gladys's pleadings in federal court before the deadline imposed by Federal Rules

of Civil Procedure 12(b)(6).[1]  Importantly, the court is not considering a Rule 12(b)(6) motion. Rather, courts simply employ a Rule 12(b)(6)-type analysis to determine if a party is improperly joined.  *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 470 (5th Cir. 2022); *Lundy v. ACE Am. Ins. Co.*, 674 F. Supp. 3d 326, 327-28 (M.D. La. 2023); *Shenavari v. Allstate Vehicle & Prop. Ins. Co.*, 448 F. Supp. 3d 667, 668 (S.D. Tex. 2020).  As a result, the deadline imposed by Rule 12(b)(6) of the Federal Rules of Civil Procedure does not govern for purposes of evaluating whether a party timely raised the issue of improper joinder.  *See Williams*, 18 F.4th at 811 n.6 (recognizing the timeliness of the defendant's assertion of improper joinder, despite the issue being raised after the expiration of the deadline imposed by Rule 12(b)(6)).  Additionally, a defendant may raise improper joinder for the first time in its response to a motion to remand. *Id.* (holding that a party did not waive the issue of improper joinder by failing to raise it in its notice of removal); *Pharos Cap. Grp., LLC v. Nutmeg Ins. Co.*, 999 F. Supp. 2d 947, 953 (N.D. Tex. 2014).  Accordingly, because Linde asserted improper joinder in its Response to Gladys's Motion to Remand, it timely raised the issue and the court may consider whether Thomas was improperly joined for purposes of defeating diversity jurisdiction.[2]

---

[1] The court disagrees with Gladys's contention that Linde failed to raise the sufficiency of Gladys's pleadings in its Notice of Removal.  In the Notice, Linde states "Plaintiff does not state viable claims against Defendant Thomas, and there is no possibility that Plaintiffs can recover against him." Nevertheless, as discussed below, even if Linde had not raised the insufficiency of the pleadings in its Notice of Removal, its assertions were timely asserted in Linde's Response to Gladys's Motion to Remand.

[2] In its Amended Reply (#30), Gladys states "If [Defendants'] 'Supplemental' response is in fact an amended response, as Defendants state in paragraph 4 thereof, the specificity argument has been abandoned."  The court finds this contention unpersuasive, as Defendants state in their Supplemental Response that "Defendants incorporate by reference as if fully set forth herein their Response to Plaintiff's Motion to Remand and their Sur-Reply to Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Remand and further respond as follows."

### 2. Failure to State a Claim

In the present case, Linde maintains that Thomas is improperly joined because Gladys cannot establish a cause of action against Thomas.[3] *Mumfrey*, 719 F.3d at 403 (requiring the removing party to demonstrate that there is no *reasonable* possibility of recovery); *Do v. GW Trucking Inc.*, No. 1:23-CV-0007-MJT, 2024 WL 604715, at *4 (E.D. Tex. Jan. 24, 2024). Accordingly, the court can find improper joinder only if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017) (emphasis added) (quoting *Smallwood*, 385 F.3d at 573 (rejecting all other phrasings)); *see Jack v. Evonik Corp.*, 79 F.4th 547, 556 (5th Cir. 2023); *Hicks*, 12 F.4th at 515; *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 205; *Mumfrey*, 719 F.3d at 401. "[A] mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder.'" *Gonzales v. Bank of Am.*, 574 F. App'x 441, 443 (5th Cir. 2014) (quoting *Smallwood*, 385 F.3d at 573 n.9); *see Silva v. SM3 Logistics Express, SA de CV*, No. 5:23-CV-00034, 2024 WL 1902756, at *3 (S.D. Tex. Mar. 31, 2024). "If there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved,' then there is no [improper] joinder," and the case must be remanded for lack of diversity. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (quoting *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir. 2001)); *see Smallwood*, 385 F.3d at 573-74; *Kirby v. State Farm Lloyds'*, 663 F. Supp. 3d 656, 663 (N.D. Tex. 2023).

---

[3] Linde intimates in its Notice of Removal and Response to Plaintiff's Motion to Remand that Gladys committed actual fraud in joining Thomas to defeat diversity jurisdiction. Linde does not, however, identify the purportedly fraudulent acts to conceal or misrepresent a fact required for this court to exercise jurisdiction over the present case. *Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 607 (N.D. Tex. 2009). Accordingly, it is unnecessary for the court to address further Linde's contention of actual fraud.

### a. Rule 12(b)(6) Standard

In assessing whether a plaintiff could possibly establish a claim against a non-diverse defendant, the court must apply the law of the state in which the action was brought—in this case, Texas. *See Palmquist*, 103 F.4th at 306 ("[F]ederal courts sitting in diversity apply state substantive law." (quoting *Shady Grove Orthopedic Ass'n v. Allstate Ins. Co.*, 559 U.S. 393, 437 (2010))); *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000). "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999); *see Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 218-21 (5th Cir. 1995); *Speiser v. AmGUARD Ins. Co.*, No. CV H-22-1595, 2022 WL 3349312, at *3 (S.D. Tex. Aug. 12, 2022).

The United States Court of Appeals for the Fifth Circuit has held unequivocally that "[a] federal court must apply the federal pleading standard" when determining whether a plaintiff has a reasonable basis for recovery under state law. *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 208; *see Waste Mgmt., Inc.*, 974 F.3d at 533. Furthermore, the Fifth Circuit instructs that, in the absence of a decision to "pierce the pleadings and conduct a summary inquiry," the court *must* conduct a Rule 12(b)(6)-type analysis. *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 207-08; *accord Hicks*, 12 F.4th at 515; *Waste Mgmt., Inc.*, 974 F.3d at 533. Specifically, the court must consider whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face" against the in-state defendant. *Hicks*, 12 F.4th at 515 (quoting *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 208); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Waste Mgmt., Inc.*, 974 F.3d at 533. If the plaintiff's claim does not survive the Rule 12(b)(6)

inquiry, the court must dismiss that party without prejudice as being improperly joined to defeat diversity jurisdiction. *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 209; *see Probasco v. Wal-Mart Stores Tex., L.L.C.*, 766 F. App'x 34, 36 (5th Cir. 2019); *Alviar*, 854 F.3d at 291.

Under Rule 12(b)(6), "the plaintiff's complaint [must] be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see Hamilton v. DeJoy*, No. 1:23-cv-01045, 2024 WL 3540474, at *2 (W.D. Tex. July 16, 2024). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *accord King v. Baylor Univ.*, 46 F.4th 344, 355 (5th Cir. 2022); *Davis v. Tex. Health & Hum. Servs. Comm'n*, 761 F. App'x 451, 454 (5th Cir. 2019). "Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Hence, "a complaint's allegations 'must make relief plausible, not merely conceivable, when taken as true.'" *Id.* (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009)); *see Hicks*, 12 F.4th at 515; *Longoria ex rel. M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263 (5th Cir. 2019) ("Though the complaint need not contain 'detailed factual allegations,' it must contain sufficient factual material to 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (quoting *Iqbal*, 556 U.S. at 678)).

In conducting a Rule 12(b)(6) analysis, the court must also consider Federal Rule of Civil Procedure 8(a). *Twombly*, 550 U.S. at 555. Accordingly, a district court should not dismiss a

complaint for failure to state a claim unless a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *accord King*, 46 F.4th at 355; *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Am. Precision Ammunition, L.L.C. v. City of Min. Wells*, 90 F.4th 820, 824 (5th Cir. 2024) (quoting *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 320 (5th Cir. 2022)); *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "Essentially, 'the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" *Retana v. Twitter, Inc.*, 419 F. Supp. 3d 989, 993 (N.D. Tex. 2019) (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)), *aff'd*, 1 F.4th 378 (5th Cir. 2021). "Plausibility is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *King*, 46 F.4th at 356 (quoting *Iqbal*, 556 U.S. at 678).

A plaintiff's amended complaint "supersedes" any previously filed complaint. *Royal Canin U.S.A., Inc.*, 604 U.S. at 35; *Taylor v. Jones*, No. 1:22-CV-01496-JMS-CSW, 2025 WL 904648, at *2-3 (S.D. Ind. Mar. 25, 2025). Hence, "[a] federal court's jurisdiction depends on what the new complaint says." *Royal Canin, U.S.A. Inc.*, 604 U.S. at 30. Where the defendant maintains that federal jurisdiction is proper, the court must evaluate all the factual allegations in the plaintiff's operative pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff, and then examine relevant state law and resolve all uncertainties in favor of the nonremoving party. *See Royal Canin, U.S.A., Inc.*, 640 U.S. at

30; *Palmquist*, 103 F.4th at 304 (citing *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)); *Pace*, 93 F.4th at 889; *D & J Invs. of Cenla, L.L.C.*, 52 F.4th at 195.  Furthermore, the "court must normally assume all the facts as set forth by the plaintiff to be true." *Burden*, 60 F.3d at 217 (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983)); *accord D & J Invs. of Cenla, L.L.C.*, 52 F.4th at 195 (holding that when evaluating whether a defendant is properly joined, the court "resolve[s] any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in [the plaintiff's] favor" (quoting *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007))).  When conducting a Rule 12(b)(6)-type analysis, "[we] do not . . . accept as true legal conclusions, conclusory statements, or 'naked assertions' devoid of 'further factual enhancement.'" *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023) (quoting *Benfield v. Magee*, 945 F.3d 333, 336-37 (5th Cir. 2019)); *see Kelson v. Clark*, 1 F.4th 411, 416 (5th Cir. 2021); *Pseudonym v. E. Hous. Reg'l Med. Ctr.*, No. 4:17-CV-3277, 2018 WL 2392200, at *8 (S.D. Tex. Apr. 25, 2018) ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."), *adopted by* No. 4:17-CV-3277, 2018 WL 2390129 (S.D. Tex. May 25, 2018).

### b. Fraud Pleading Standard

Furthermore, a plaintiff asserting a cause of action for fraud must satisfy additional requirements with respect to the pleading of its claims.  Specifically, fraud must be pled in accordance with the additional heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  *Millsaps v. Cont'l Cas. Co.*, No. 1:23-CV-00147-MJT, 2023 WL 9645471, at *6 (E.D. Tex. Dec. 20, 2023).  Rule 9(b) provides that in order to state a claim for fraud in federal court, the plaintiff must state with particularity the circumstances constituting the fraud.

14

*See* FED. R. CIV. P. 9(b); *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 319 (2007); *Pace*, 93 F.4th at 889-90; *Stringer v. Remington Arms Co., L.L.C.*, 52 F.4th 660, 661 (5th Cir. 2022); *In re Sherwin Alumina Co., L.L.C.*, 952 F.3d 229, 235 (5th Cir. 2020); *Mun. Emps.' Ret. Sys. of Mich. v. Pier 1 Imps., Inc.*, 935 F.3d 424, 429 (5th Cir. 2019). Specifically, Rule 9(b) states:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

FED. R. CIV. P. 9(b); *see Tellabs, Inc.*, 551 U.S. at 319; *Pace*, 93 F.4th at 889; *In re Sherwin Alumina Co., L.L.C.*, 952 F.3d at 235; *Mun. Emps.' Ret. Sys. of Mich.*, 935 F.3d at 429; *IAS Servs. Grp., L.L.C. v. Jim Buckley & Assocs., Inc.*, 900 F.3d 640, 647 (5th Cir. 2018). Therefore, Rule 9(b) imposes a heightened standard of pleading for averments of fraud. *See* FED. R. CIV. P. 8(a), 9(b); *Pace*, 93 F.4th at 889; *In re Sherwin Alumina Co., L.L.C.*, 952 F.3d at 235; *Mun. Emps.' Ret. Sys. of Mich.*, 935 F.3d at 429. A party must plead, at the minimum, the "who, what, when, where, and how of the alleged fraud." *In re Sherwin Alumina Co., L.L.C.*, 952 F.3d at 235; *accord Arruda v. Curves Int'l, Inc.*, 861 F. App'x 831, 834 (5th Cir. 2021); *United States ex rel. Colquitt v. Abbott Lab'ys.*, 858 F.3d 365, 371 (5th Cir. 2017).

As a preliminary matter, Linde maintains that Thomas cannot be held individually liable for Linde's purportedly fraudulent statements. Linde is incorrect. An employee in Texas may be held individually liable for an employer's tortious acts "if the employee knowingly participates in the conduct or has knowledge of the tortious conduct, either actual or constructive, regardless of whether the employee receives any personal benefit from the tortious act." 33 Tex. Jur. 3d *Employer and Employee* § 328 (2025) (citing *Cass v. Stephens*, 156 S.W.3d 38 (Tex. App.—El

Paso 2004, pet. denied)); *Thule Drilling ASA v. Schimberg*, 290 F. App'x. 745, 747 (5th Cir. 2008). In pleading each of its claims against Thomas, Gladys asserts that Thomas knowingly participated in the allegedly fraudulent acts. Accordingly, Linde's contention that Gladys cannot possibly recover against Thomas as an individual based on the type of cause of action alone is without merit.

Furthermore, Gladys has, at a minimum, stated a viable claim of statutory fraud against Thomas. In its First Amended Complaint, Gladys alleges that Linde and Thomas made a false promise to "use good faith commercial efforts to satisfy the Tenant Contingencies before January 1, 2024." The Texas Business and Commercial Code provides, in relevant part:

> (a) Fraud in a transaction involving real estate or stock in a corporation or joint stock company consists of a . . .
>
>   (2) false promise to do an act, when the false promise is
>
>     (A) material;
>
>     (B) made with the intention of not fulfilling it;
>
>     (C) made to a person for the purpose of inducing that person to enter into a contract; and
>
>     (D) relied on by that person in entering into that contract.

TEX. BUS. & COM. CODE § 27.01(a)(1).

Here, Gladys maintains that Linde made a false promise to use good faith efforts, as evidenced by the fact that Linde:

> had already discovered [the] conditions on the property which they would later rely on in their attempt to cancel the Lease, [its] reasons for cancellation were contrived, and [Linde] knew [it] either had plans to investigate or was already investigating alternative locations which would be cheaper than renting the property from Gladys City.

16

Accordingly, Gladys maintains that Linde made the promise with the intention of not fulfilling said promise. Rather, Gladys claims Linde intended to use the cancellation provision as an "out" in the event it secured a better deal elsewhere. A party's fraudulent intent must have existed at the time the party made the representation. *Brackens v. Mayes*, No. 14-24-00424, 2025 WL 2048201, at *6 (Tex. App.—Houston [14th Dist.] July 22, 2025, no pet.). The intent, however, "may be inferred from the party's subsequent acts after the representation is made." *Brackens*, 2025 WL 2048201, at *6 (quoting *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986)); *Frolamo, LLC v. Ortega*, No. 13-23-00210-CV, 2025 WL 1387070, at *9 (Tex. App.—Corpus Christi-Edinburg May 13, 2025, no pet.). Because Gladys pleads facts suggesting that Linde intended to use the provision to "play the field," for lack of a better term, Gladys has pleaded facts sufficient to support the reasonable inference that Linde made the promise to use good faith commercial efforts to satisfy the tenant contingencies without intending to do so.

Additionally, Gladys alleges that the promise was material because Gladys relied on it in agreeing to include the option to cancel in the Agreement. Specifically, Gladys notes that it only agreed to the option to cancel because Linde promised to use good faith commercial efforts to satisfy the contingencies. Moreover, Gladys maintains that Linde "made the false promise with the intention that Gladys City would rely and act on it, and for the purpose of inducing Gladys City to agree to Section 2.04(a) (the option to cancel), as evidenced by the facts stated [above]." Therefore, Gladys has pleaded facts from which the existence of the third and fourth elements required to prevail on a claim of statutory fraud could be inferred.

A secondary question arises, however, as to whether Thomas can be held liable for Linde's alleged statutory fraud. As noted above, an employee can be held liable for the tortious acts of

an employer if the employee knowingly participates in the wrongful conduct. *Thule Drilling ASA*, 290 F. App'x at 747. In the Amended Complaint, Gladys consistently reiterates Thomas's participation and leadership role in facilitating Linde's purportedly fraudulent conduct. First, Gladys notes that Thomas led negotiations and he had decision making power regarding the acceptability of the language being put into the Agreement. Gladys also states that Thomas "supervised, directed and otherwise knowingly participated in the negotiation and drafting of the Lease and its terms, including the [misrepresentation regarding Linde's intent to use good faith]." Furthermore, Gladys maintains that Thomas participated in fabricating Linde's purportedly contrived reasons, as he told Gladys that Linde "could live with the alleged 'environmental issues,' but that the presence of regulated wetlands would have made it impossible to meet project deadlines." Gladys asserts that the land does not contain regulated wetlands, rendering Thomas's statement false. After bringing this alleged fact to Thomas's attention, Gladys asserts that he merely responded that Linde "had already moved in a different direction."

Gladys further supports its allegations that Thomas knowingly participated in Linde's fraud by maintaining that a Linde representative told Gladys during the early stages of negotiation that Thomas was the "ultimate decision maker." Gladys's Amended Complaint also states the following:

> Thomas directed, approved and otherwise knowingly participated in Linde's negotiations, its representations in the Lease, and its agreement in the Lease to satisfy the Tenant Contingencies, and the decision not to satisfy them. On information and belief, Thomas was a party to company discussions regarding whether the Tenant Contingencies would be satisfied and directed, authorized and otherwise knowingly participated in decisions relating to efforts to avoid their satisfaction . . . Plaintiff believes that internal Linde documents and communications which are within Linde's control will demonstrate that Thomas and Linde were actively seeking to find an alternative location even before signing the Lease . . . . This belief is supported by the fact that Linde's wetlands analysis

18

>was based on incomplete data, Linde and Thomas's refusal to entertain this possibility when confronted, . . . the timing of the purported cancellation relative to the request for an extension, and information from a third party that Linde was looking for an alternative site before the Lease was signed.

Accordingly, Gladys has pleaded facts that, if taken as true, support the inference that Thomas knowingly participated in Linde's allegedly fraudulent conduct. Hence, Thomas was not improperly joined as a defendant to this action.

III. Conclusion

An evaluation of the relevant facts and controlling law reveals that this court lacks subject matter jurisdiction over Gladys's action, as there is neither a federal question presented nor complete diversity of citizenship between the parties. Therefore, this case was improvidently removed, and remand is warranted. Consequently, Gladys's Motion to Remand (#7) is GRANTED. This action will be remanded to the 58th Judicial District Court of Jefferson County, Texas.

SIGNED at Beaumont, Texas, this 15th day of September, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE